# DRECKSCHMIDT *v.* SCHAEFER.

---

### PATENTS; INTERFERENCE; DILIGENCE.

Where the junior party to an interference involving the invention of a chemical fire extinguisher reduced his invention to practice two years before he filed his application, during which time the senior parties conceived the invention, filed their application, and commenced manu-

facture, and he did nothing with the invention until after they entered the field, it was *held* that the senior parties were entitled to an award of priority.   (Following *Howard* v. *Bowes*, 31 App. D. C. 619.)

No. 1089.   Patent Appeals.   Submitted March 12, 1917.   Decided April 2, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. John D. Rippey* and *Mr. L. C. Kingsland* for the appellant.

*Mr. John S. Barker* and *Mr. John C. Higdon* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decision of the Commissioner of Patents awarding priority of invention to appellees, Edward Schaefer and Oscar J. Holmes, for a chemical fire extinguisher, described in the single count as follows:  "A chemical fire apparatus comprising a tank, two noncommunicating containers supported in said tank one above the other, a breakable closure for one of said containers, a breakable partition between said containers, and manipulative means for breaking said closure and said partition whereby the contents of said containers are brought together to form a gas for the purpose of producing a pressure upon the liquid contained in said tank."

Appellant, Edward W. Dreckschmidt, reduced the invention to practice in July, 1912, but did not file his application until July 27, 1914.   In the meantime the device remained under his desk in his office.   It may be suggested that the invention consists of apparatus inclosed in an ordinary fire extinguisher case, so that anyone seeing it under the desk would not be enlightened as to the invention.   Appellant did nothing with the

invention after the reduction to practice until after he filed his application. The earliest date claimed by appellees is June, 1913, as date of conception, which was followed by filing an application in December. It also appears that in the spring of 1914 they were engaged in manufacturing the extinguisher of the invention, during which time appellant had access to their works where the parts were being manufactured. Appellees also published a circular on July 1, 1914, advertising and describing the device in issue. While it does not appear that appellant gained information of the manufacture, or saw the circular, it is significant that during this time he was engaged in the sale of fire extinguishers and offered no testimony in rebuttal tending to refute the implication that he had knowledge of the activities of appellees. It, however, remains that whether he acquired this knowledge or not, he was doing nothing with his invention from the time appellees entered the field until they filed their application. The case, therefore, is ruled by *Howard* v. *Bowes,* 31 App. D. C. 619.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.                                             *Affirmed.*

A motion for a rehearing was denied April 21, 1917.